UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:22-cr-00297-SRC |
| JOHN COLLINS-MUHAMMAD, | ) |
| LEWIS REED, and JEFFREY BOYD, | ) |
| | ) |
| Defendants. | ) |

### Order Setting Forth Trial Procedures in Criminal Cases

Trial of this matter is set for September 12, 2022 at 9:00 a.m. in Courtroom 14-North. This trial date is <u>firm</u>, and the Court will **not** continue trial without a true showing of exceptional reasons.

On August 23, 2022 at 3:00 p.m., the Court will hold a status conference and *Frye* hearing in Courtroom 14-North. At the hearing, the parties will be expected to make a record of any plea offers made by the United States and rejected by Defendants, as discussed in *Missouri v. Frye*, 566 U.S. 133, 145-47 (2012). If the parties expect this case to go to trial, the parties will be expected to discuss the length of the trial, availability, and any evidentiary or other issues that may arise during trial. Any request to reschedule the status conference and *Frye* hearing must be made in writing, state with specificity reasons showing good cause, and be filed by no later than August 16, 2022.

By no later than August 19, 2022, the parties may request that the *Frye* hearing be converted to a change of plea hearing, by emailing a fully-executed-copy of the plea agreement to the undersigned's paralegal, Chelsea Langeneckert, at chelsea_langeneckert@moed.uscourts.gov.

The Court orders counsel for the United States and Defendants to comply with each of the following procedures and requirements:

### 1.     Disclosure of all parties potentially entitled to restitution

No later than 7 days from the date of this order the United States must disclose the identity of all individuals and all non-governmental entities potentially entitled to restitution as a part of any possible sentence in this matter.

### 2.     Trial schedule

The Court will announce times for starting and adjourning the trial day at the start of trial. Court will begin promptly, and the jury will not be kept waiting.  The Court will be available to resolve preliminary matters 15 minutes before the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day.  However, the Court will not waste trial time and jury time. In particular, the Court warns counsel not to raise preliminary matters at the start of the trial day when the jury and all others are ready to proceed.

### 3.     Stipulations

No later than 10 days before trial, the parties must file:  1) a joint stipulation of all uncontested facts, which may be read into evidence; and 2) joint brief summary of the case, not to exceed one page in length, which may be used by the Court in voir dire.

### 4.     Jury selection

The Court will conduct voir dire. The Court will ask standard voir dire questions. The Court will then permit counsel 20 minutes to ask questions after the Court concludes its questioning.  Due to the COVID-19 precautions the Court has in place, voir dire may be conducted using two panels.  Counsel for each side has 20 minutes for questioning, and counsel may allocate that time between the two panels however they choose.

Parties must submit, in writing, any requests for voir dire questions to be asked by the Court, no later than seven days before trial. The Court may, in its discretion, not consider any questions submitted less than seven days before trial.

Panel members may answer questions involving sensitive information (such as those related to medical problems, excuses, past criminal record, experiences as a victim of crime, etc.) at the bench. At that time counsel may pose brief follow-up questions to those asked by the Court.

After the Court completes voir dire, the Court will excuse the jurors before hearing argument from counsel on strikes for cause or otherwise. The Court will first indicate those jurors it intends to remove from the panel for cause and hear any objections from counsel; thereafter, the Court will hear and rule on counsel's strikes for cause and peremptory challenges.

### 5. Motions in limine

The Court encourages motions in limine with respect to legal matters that the parties reasonably expect to arise during trial. Parties must file such motions in limine no later than 10 days before trial. The Court will consider motions in limine filed less than 10 days before trial only upon a showing for good cause.  Responses to any motions in limine are due no later than seven days before trial.

### 6. Exhibit lists

Counsel must mark all exhibits in advance of trial and submit a written list containing a brief description of each exhibit. The United States must use numbers for exhibits, and defendants must use letters. If you are a defendant and have more than 26 exhibits (A through Z), use AA, AB, AC . . . AZ, followed by BA, BB, etc.

The parties must file a written exhibit lists no later than 10 days before trial.

### 7. Witness list

Counsel must deliver to opposing counsel each evening (and preferably earlier) a list of witnesses that counsel anticipates calling the next trial day. The Court strongly encourages the parties to produce all Jencks Act and *Brady* materials at the earliest opportunity, especially if the materials are particularly voluminous for a witness. Nevertheless, the Court understands that the parties will not be absolutely bound by the list in calling its witnesses because, on occasion, a party may desire in good faith to change an intended order of proof, or it becomes necessary to call a witness out of turn, etc. For example, security concerns may well justify non-identification of witnesses until a party actually calls them at trial. Parties may bring these concerns to the Court's attention *in-camera* when delivering the witness list, excluding those names to opposing counsel.

The parties must file potential witness lists no later than 10 days before trial.

### 8. 404(b) evidence

If the United States expects to introduce 404(b) evidence, it must file notice of the its intention to do so no later than seven days before trial. The notice must include a brief summary of the proposed evidence, identifying the specific elements of 404(b) under which it intends to introduce such evidence, and the proposed jury instruction to be read before the introduction of any such evidence.

### 9. Jury instructions

    A.    The parties must submit to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of opposing party's requests for

       instructions at least 14 days before trial.  (Each request must be supported by at least one pertinent citation.)

    B.    Before filing any jury instructions, the parties must meet and confer, attempting to resolve any issue(s) with jury instructions.  At least seven days before the trial, the parties must jointly submit the jury instructions they have agreed upon.  For the jury instructions that remain in dispute, at least seven days before the trial, the parties must separately submit proposed versions of disputed jury instructions.

    C.    Parties should use the *8th Circuit Model Jury Instructions* when possible.  The Parties must use basic introductory and boilerplate instructions based on the *8th Circuit Model Jury Instructions*. If any party requests instructions from the *Federal Jury Practice and Instructions* (O'Malley, Grenig, Lee), parties should, as appropriate, submit instructions from the current (i.e., 6th, not 3rd) edition.

    D.    At least 24 hours before the Court reads the final jury instructions to the jury, the parties must submit a clean copy and a dirty copy of each instruction proffered.  A clean copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

        The parties must also submit their proffered jury instructions in Word format by emailing them to my Paralegal, Chelsea Langeneckert, at chelsea_langeneckert@moed.uscourts.gov. The Court may deliver the final instructions after closing arguments.

10. **Tapes to be used at trial**

If any party intends to use tapes in this case, counsel for both sides must resolve any dispute between any alleged inaccuracy of the transcripts and the tape recordings. If it proves impossible for counsel to resolve the dispute, they must so advise the Court at least **seven days before trial** to avoid confronting the Court with this problem mid-trial and the resulting delay and expense to the parties and the Court.

11. **Evidentiary objections**

**PARTIES MUST NOT ARGUE EVIDENTIARY OBJECTIONS IN THE PRESENCE OF THE JURY, ALTHOUGH COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFORE.** Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench). The Court discourages bench conferences during trial. For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court

may explain its ruling on the record after the jury has been excused for a scheduled break or for the day.

12. **Direct and cross-examination**

On direct or cross-examination of a witness, counsel will not:

  A. be allowed re-cross-examination of any witness, except that the Court may allow re-cross only if something new is brought out on redirect;

  B. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;

  C. use an objection as an opportunity to argue or make a speech in the presence of the jury;

  D. show to the jury a document or anything else that has not yet been received into evidence; or

  E. offer gratuitous comments and asides about witnesses' testimony or opposing counsel.

13. **Opening statements and closing arguments**

Unless otherwise ordered, the Court allows 20 minutes per side for both opening statements and closing arguments.  On both opening statements and closing arguments, the Court will intervene sua sponte and not wait for objections if it observes the failure to adhere to basic legal principles. The Court will limit counsels' closing arguments to the evidence presented during trial. The Court reminds counsel of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel must not:

  A. comment adversely on the failure of any defendant to testify on his or her own behalf;

  B. make statements of personal belief to the jury or express belief in the credibility of any witness;

  C. make personal attacks on other counsel in the case;

  D. appeal to the self-interest of the jurors; or

  E. make racial, political, or religious comments.

### 14. Multiple defendant cases and trial objections

From the moment the Court calls the case for trial, the Court will deem any objection, motion or other application for relief made by any defense counsel orally, or in writing, to be adopted and joined in by every other defendant, respectively, without announcement by counsel to that effect. Similarly, the Court will deem the rulings thereon applicable to each defendant unless otherwise stated at the time the ruling is made. Accordingly, counsel should not rise to "join in" an objection or motion. Rather, counsel should rise to be heard **only** for the purpose of expressly opting out of an objection or motion if that is their position.

### 15. Contact with non-party witnesses during trial

Except for a defendant-witness (because of Sixth Amendment implications) and the designated party representative for the United States, or by leave of Court, counsel calling a witness to testify should have no further discussions with that witness concerning the case, or any aspect of the testimony, after the witness has been tendered for cross-examination, and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.

Failure to comply with any part of this Order may result in the imposition of sanctions.

So Ordered this 1st day of August 2022.

*/s/ S.R.C.*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE