UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 4:22-CR-296-SRC |
| ) | 4:22-CR-297-SRC |
| JEFFREY BOYD, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OMNIBUS RESPONSE IN OPPOSITION TO MOTION
FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 AND
RETROACTIVE APPLICATION OF AMENDMENT 821**

COMES NOW the United States of America, by and through undersigned counsel, and for its response in opposition to Defendant's Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 821, Doc. 68, states as follows:

**POSITION**

The Government agrees that Defendant meets the initial criterion for a sentence reduction under Part B to Amendment 821 in that he did not receive criminal history points at his original sentencing. But Defendant has not met his burden of showing that he did not cause "substantial financial hardship," which would disqualify him from receiving a "zero-point offender" adjustment. Moreover, even if the 2-level decrease applies—resulting in a Guideline range of 24-30 months instead of 30-37 months—the Government opposes a reduction in sentence due to the egregiousness of Defendant's conduct, his breach of public trust, and the need for general deterrence. Accordingly, the Government respectfully requests that the Court deny Defendant's Motion for Sentence Reduction.[1]

---

[1] U.S.S.G. § 1B1.10(a)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing." *See also United States v. Bradford*, 697 F. App'x 479, 480 (8th Cir. 2017) ("Congress authorized only 'a limited adjustment to an otherwise final sentence . . . .'"). In addition, Rule 43(b)(4) provides that a defendant "need not be present" for proceedings involving a reduction of sentence under 18 U.S.C. § 3582(c). *See also Dillon v. United States*, 560 U.S. 817, 827–28 (2010) (finding no right to be present at such proceedings).

1

**ARGUMENT**

I.   **Authority to Reduce a Sentence**

"Providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce . . . a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," subject to certain restrictions. *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Any such reduction must be both "consistent with applicable policy statements issued by the Sentencing Commission" and appropriate in light of the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2). "The applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in § 1B1.10(d), such as Amendment [821]." *Koons*, 850 F.3d at 976. Under the same guideline, "[t]he extent of a § 3582(c)(2) reduction is normally limited to the bottom of the amended guidelines range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

As relevant here, in Subpart 1 of Part B to Amendment 821, the Sentencing Commission created a new Chapter 4 guideline providing for a 2-offense-level reduction for certain offenders with zero criminal history points. Specifically, U.S.S.G. § 4C1.1(a) directs the Court to "decrease the offense level determined under Chapters Two and Three by 2 levels" if "the defendant did not receive any criminal history points from Chapter Four, Part A," provided that the instant offense did not involve any of nine aggravating factors.[2] However, the Sentencing Commission also recognized this reduction should be offset with an upward departure where it "substantially underrepresents the seriousness of the defendant's criminal history." U.S.S.G. § 4C1.1 cmt. n.2.

---

[2] The adjustment does not apply in cases involving: terrorism enhancements, the use or credible threat of violence, death or serious bodily injury, sex offenses, substantial financial hardship, firearms or dangerous weapons, offenses involving individual rights, hate crimes or serious human rights offenses, and leadership-role or criminal-enterprise enhancements. *See* U.S.S.G. § 4C1.1(a)(2)–(10).

## II.     Procedure for Sentence Reductions

As the Supreme Court has recognized, section 3582(c)(2) calls for a two-step inquiry. *Dillon*, 560 U.S. at 826–27. A sentencing court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* The defendant bears the burden of showing that a reduction is justified. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### a.   Eligibility, Scope, and Timing

A defendant is eligible for a sentence reduction if: (1) a retroactive amendment would lower the defendant's original guideline range, and (2) the defendant did not previously receive a sentence at or below the bottom of the amended range (except for substantial assistance). *See* U.S.S.G. § 1B1.10(a)(2), (b)(2). In other words, at step one, "a court must begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *United States v. Thompson*, 641 F. App'x 641, 649 (8th Cir. 2016) (quotation and alterations omitted). In making this calculation, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (quotation and alterations omitted).

"Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. "Courts generally may not reduce the defendant's term of imprisonment [below] the minimum of the amended guideline range." *Id.* (quotation omitted). And "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

Finally, the Sentencing Commission imposed a timing limitation on the sentence-reduction authority under Amendment 821: "The court shall not order a reduced term of imprisonment based on Part A . . . of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.* § 1B1.10(e)(2). As underscored in Application Note 7, any reduction that "does not comply with th[is] requirement . . . is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." That said, courts may conduct sentence-reduction proceedings before the implementation date, "provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024, or later." *Id.* § 1B1.10 cmt. n.7.

### b. *Discretionary Assessment*

Even otherwise eligible defendants are "not automatically entitled to a sentencing reduction pursuant to § 3582(c)(2)." *United States v. Granados*, 830 F.3d 840, 842 (8th Cir. 2016) (collecting cases). Rather, if a court reaches step two,[3] it "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Thompson*, 641 F. App'x 649–50 (quotation omitted). Specifically, the court "*must* . . . weigh public-safety concerns and *may* consider relevant post-sentencing conduct," good or bad. *United States v. Darden*, 910 F.3d 1064, 1067 (8th Cir. 2018) (citing U.S.S.G. § 1B1.10 cmt. n.1(B)) (emphasis added). And while "a court may not . . . make new factual findings that are inconsistent with the facts found at the original sentencing, . . . nothing prohibits [it] from considering new facts that it had no opportunity to address the first time around." *Id.*

As with any sentencing proceeding, the court "has substantial latitude to determine how much weight to give the various factors under § 3553(a) and may choose to give more weight to the aggravating factors" than the new guideline range. *Granados*, 830 F.3d at 842 (quotation and

---

[3] As the *Dillon* Court instructed, "[R]eference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry." 560 U.S. at 827. In other words, section 3582(c)(2) does not permit "plenary resentencing proceedings." *Id.*

4

alterations omitted); *see also Jones*, 836 F.3d at 899 ("There is nothing illogical about a district court concluding that the . . . sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guidelines determinants, here [criminal history], has been amended."). Indeed, even "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009). Thus, the Eighth Circuit has repeatedly upheld the denial of a reduction in sentence for eligible defendants based on a variety of considerations. *See, e.g.*, *United States v. Bradford*, 697 F. App'x 479, 481 (8th Cir. 2017) (pre-sentencing behavior, including criminal history); *Jones*, 836 F.3d at 898 (uncharged criminal activity, post-sentencing conduct); *Granados*, 830 F.3d at 842 (violence during offense); *United States v. Boyd*, 819 F.3d 1054, 1055–56 (8th Cir. 2016) (prison conduct violations); *Thompson*, 641 F. App'x at 650 (community safety). Likewise, courts have discretion to grant a more limited reduction than what the Guidelines permit.[4] *See, e.g.*, *United States v. Banderas*, 858 F.3d 1147, 1149 (8th Cir. 2017) (affirming reduction only to the top of the new guideline range); *United States v. Ramirez*, 807 F. App'x 591, 593 (8th Cir. 2020) (same for reduction to middle of range due to prison conduct violations).

### III.     Analysis

As an initial matter, while the parties agree that Defendant received no criminal history points, he has not met his burden of establishing that nine offense-specific aggravators do not preclude him from relief. *See, e.g.*, *United States v. Gordon*, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023) ("§ 4C1.1 places the burden on a defendant to show that he meets 'all' of the criteria

---

[4] This is particularly true in cases, as here, where one or more identifiable victims were harmed as a result of the relevant offense conduct. As this Court determined at the original sentencing hearing, the entire resident population of the City of St. Louis were victims of Defendant's substantial criminal acts of public corruption here.

for eligibility."); *see also United States v. Agor*, 2023 WL 8780649, at *5 (D. Haw. Dec. 19, 2023) (same); *Jones*, 836 F.3d at 899 (same for section 3582(c)(2) reductions generally). As relevant here, Defendant must show that he did not "personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6); *see also* U.S.S.G. § 2B1.1 cmt. n.4(F); *United States v. Smith*, 2023 WL 4828690, at *3 (N.D. Ind. June 29, 2023). Although Defendant asserts that "he did not personally cause substantial financial hardship," Doc. 68 at 3 n.2, he does not meaningfully demonstrate that this disqualifier does not apply. Indeed, as Defendant admitted in his guilty plea, his criminal scheme involved him obtaining a substantial reduction in the price of a City-owned property for a local business owner in exchange for cash bribes. Doc. 29 at 12–14. That reduction in the purchase price, amounting to approximately 80% of the property's original sale price, prevented tens of thousands of dollars from coming to the City and its residents. PSR ¶¶ 60-69. While the concept of "substantial financial hardship" is not typically applied in the context of public corruption, *see* U.S.S.G. § 4C1.1(b) (cross-referencing an application note to the Theft, Property Destruction, and Fraud guideline), the loss of public funds here is sufficiently "[c]onsiderable in extent, amount, or value" to require more than eight words in a footnote for Defendant to meet his burden, *see Substantial*, BLACK'S LAW DICTIONARY (11th ed. 2019); *cf. United States v. Chukwu*, 842 F. App'x 314, 318 (11th Cir. 2021) (finding substantial financial hardship where victim lost $4,500 from education savings account, where the Government had burden).

      Even assuming Defendant were able to meet his burden of establishing his entitlement to a "zero-point offender" reduction, the sentencing factors militate against a discretionary reduction in sentence. The criminal conduct and abuse of trust perpetrated by this Defendant, a long serving Alderman in the City of St. Louis, struck at the heart and soul of each resident of the City. He sold his office for cash payments in providing substantial financial benefits to a local business owner,

6

all to the detriment of the citizens he was elected to serve. Indeed, in addition to the LRA scheme discussed above, had Defendant's plans to pass a Board Bill and Ordinance to provide a Tax Abatement for the same local business owner not been discovered and foiled, the City and its residents would have lost out on an estimated additional $150,000—a substantial portion of which would have gone to the benefit of the St. Louis Public Schools. *See* Doc. 29 at 15–17; PSR ¶¶ 70–76. And as further demonstration of Defendant's greed and lack of obedience to the law, he initiated and engaged in a totally unrelated scheme to defraud his own automobile business insurer. Doc. 29 at 15-17; PSR ¶¶ 67–68.

Additionally, Defendant's criminal conduct occurred over a lengthy period of time and involved multiple bribe payments related to the various and different aspects of his schemes. As this Court found, the nature and circumstances of Defendant's criminal conduct was substantial. His crimes were serious. This Court's sentence was based upon the clear need to promote respect for the law, and to provide just punishment for Defendant's multiple offenses. Perhaps the most pertinent factor under Section 3553(a) for the Court's current consideration is the overwhelming need to deter, not only this Defendant, but individuals in similar positions of public service from engaging in this type of criminal corruption. *See Smith*, 2023 WL 4828690, at *4 ("This offense is a prime candidate for general deterrence, given the cold and rational approach to this scheme's risks and rewards."). A reduction in Defendant's sentence at this time, and release from the Bureau of Prisons, would have the exact opposite effect.

Based upon the substantial financial harm to the victims in these cases, and on its assessment of the pertinent sentencing factors under section 3553(a), the Government opposes a reduction in this case.

## CONCLUSION

WHEREFORE, the Government requests that the Court deny Defendant's Motion for a Reduced Sentence.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 /s/ *Zachary M. Bluestone*
ZACHARY M. BLUESTONE, #69004MO
HAL GOLDSMITH, #M032984
Assistant United States Attorneys
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that, on December 26, 2023, the foregoing was filed with the Court's electronic filing system for service upon all counsel of record.

                                              */s/ Zachary M. Bluestone*
                                              ZACHARY M. BLUESTONE, #69004MO
                                              Assistant United States Attorney